UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT O LINDOW,<br><br>    Plaintiff,<br><br>v.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>    Defendants. | Case No. 5:20-cv-07555-EJD<br><br>**ORDER RE MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 27, 28 |

    Before the Court are Defendants Tani Cantil-Sakauye and the Santa Clara County Superior Court's motion to dismiss and Defendants Darren Wallace, Messner Reeves LLP, Rebecca Weisman, and Bonnie Ross's motion to dismiss. Having considered the Parties' papers, the Court **GRANTS** the respective motions to dismiss.[1]

    **I.    BACKGROUND**

    Pro se Plaintiff Robert Lindow was designated as a vexatious litigant in state court proceedings in February 2021 and now challenges the constitutionality of California's vexatious litigant statute. *See* Counter-Complaint ("Compl.") ¶¶ 98–125, 150–161, Dkt. No. 1. Plaintiff asserts his claims against Chief Justice Tani G. Cantil-Sakauye and the Superior Court of California, County of Santa Clara (the "State Defendants") and against Darren Wallace, Rebecca Weisman, Bonnie Ross, and Messner Reeves LLP (the "Individual Defendants"). Plaintiff directs only his third and sixth cause of action at the State Defendants.

---

[1] The Court took this motion under submission without oral argument pursuant to Civil Local Rule 7-1(b). *See* Dkt. No. 38.

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

1

In his third cause of action, Plaintiff alleges the California statute violates his procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, he argues that the vexatious litigant statutes are "statutorily and constitutionally" vague, "fail[] to give adequate notice to the person or guidance to the judge in applying the statute," and invite "more unpredictability and arbitrariness" than the Constitution allows. *Id.* ¶¶ 21–25, 99, 105, 107. He also alleges unconstitutional "overbreadth," because the vexatious litigant statutes have "no effective limit on the tak[ing] of liberty or property rights." *Id.* ¶ 112. He brings both "as applied" and "facial" challenges to the statutes. *Id.* ¶¶ 114, 115, 157, 158. In his sixth cause of action, Plaintiff seeks declaratory and injunctive relief. *Id.* ¶¶ 150–61. Plaintiff alleges this as the remedy to his third cause of action.

Plaintiff also asserts state law claims for common law abuse of process, elder financial abuse, and intentional infliction of emotional distress against the Individual Defendants.

### A. Background re Aptos Property and Auction Proceeds Claims

Plaintiff has filed suit against the Chief Justice of the California Supreme Court, the Santa Clara County Superior Court, and a group of defendants associated with the conservatorship proceedings involving his estranged brother, Carl E. Lindow ("Carl"). Plaintiff disputes the Probate Court's finding that the real property located at 286 Jaunell Road in Aptos, California ("the Aptos Property") belongs to the Estate of Carl Lindow.

On January 10, 2018, the Probate Court also denied Plaintiff's claims arising from the auction of his personal property left in the Aptos property after he was evicted. The auction of the personal property from the residence was authorized by an unlawful detainer judgment and took place after proper notice to Plaintiff. Before the Probate Court issued this order, Plaintiff filed a complaint in San Mateo Superior Court asserting thirteen causes of action against Wallace and his attorney, Rebecca Weisman. He claimed that the conservators and their attorneys conspired to conduct an illegal auction to steal his personal property, including deeds allegedly stolen from his safe at Aptos. This matter was stayed because the Probate Court had exclusive concurrent jurisdiction over the issues. The Probate Court instructed Darren Wallace to dispose of the assets

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

2

generated in the auction of personal property left in the Aptos property.

Plaintiff appealed both of the Probate orders, claiming ownership of the Aptos property and describing a "scheme" to steal his personal property through the auction. The Court of Appeal denied these appeals and affirmed the Probate Court's orders. Specifically, regarding the Aptos property, the Court of Appeal found:

> The superior court properly examined the terms of appellant's proffered "land contract" and found its payment terms to be so one-sided that it could not be deemed a valid agreement. Carl himself had declared that he would never have signed this document. With those findings the conservator successfully refuted appellant's claims of entitlement to the Aptos property. No error appears on the record before us.

Request for Judicial Notice ("RJN"), Dkt. No. 28-2, Ex. 6 at 11.

The Court of Appeal also found that Plaintiff offered nothing to support his assertion that he was entitled to all the auction proceeds and that this amount "should have doubled 'in accordance with the elder abuse statutes.'" *Id.* at 13.

### B. The Vexatious Litigant Determination

On or about October 5, 2020, Carl's Conservators Darren Wallace (Conservator of the Estate) and Monica Perkins (Conservator of the Estate), represented by Bonnie Margaret Ross of Messner Reeves, LLP, and Rebecca Weisman of Fleishman & Weisman filed a vexatious litigant motion in the probate department of the Santa Clara County Superior Court. The Conservator's motion was based on Plaintiff's numerous filings, in various courts, in which he attempted to prevent his removal from and sale of the Aptos Property. The Superior Court found Plaintiff to be a vexatious litigant and granted the Conservators' motion. *See* RJN, Ex. 9. The Court stated:

> Vexatious litigant statutes were created "to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues." These "persistent and obsessive" litigants would often file groundless actions against judges and other court officers who made adverse decisions against them. "Their abuse of the system not only wastes court time and resources, but also prejudices other parties waiting their turn before the courts." This is exactly the case here. [Plaintiff] has repeatedly filed documents in 11 different actions in which he raises the same rejected claim that he is entitled to possession of the Aptos property due to the land contract, a claim which was initially rejected in the unlawful detainer action.

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

3

RJN, Ex. 9 at 13 (citation omitted).

Some of the actions in which the Court based its ruling included:

- "The USDC Litigation I"– On May 17, 2021, Plaintiff filed a complaint in federal district court against the Conservators, their attorneys, and Carl's attorney, seeking a declaration that he was the valid purchaser of the Aptos Property under the propertied land contract. *See Lindow v. Perkins*, Case No. CV-17-2782-HRL. Plaintiff alleged violations of his civil rights under 42 U.S.C. § 1983, abuse of process and intentional infliction of emotional distress, and sought compensatory and punitive damages and injunctive relief. The district court dismissed this action on September 18, 2017. *See* RJN, Ex. 9 at 8.

- "The Probate Appeal"– As discussed, on February 26, 2018, Plaintiff filed two Notices of Appeal from orders of the Santa Clara County Probate Court, appealing the Court's order confirming the Aptos Property as an asset of Carl's estate and an order instructing Wallace to dispose of assets generated in an auction of personal property left in the Aptos Property. *See* RJN, Ex. 9 at 8. The Court of Appeal denied these appeals and affirmed the Probate Court's orders. RJN, Ex. 6.

- "The Writ of Proceeding to Expedite"– Plaintiff filed a petition for writ of mandate with the Court of Appeal on November 19, 2018, arising out of his appeal in the Probate Action. *See* RJN, Ex. 9 at 10. Plaintiff sought an order to stop the sale of the Aptos Property, among other things. The Court of Appeal denied the writ petition on March 29, 2019.

- "The Writ of Supersedeas Proceeding"– Plaintiff proceeded to file his third writ petition arising out of the Probate Court's orders on March 8, 2019, seeking a stay of the Probate proceedings and a stay on the sale of the Aptos Property. *See* RJN, Ex. 9 at 11. The Court of Appeal denied the petition on July 18, 2019.

As a result of the vexatious litigant order, Plaintiff must obtain leave of court to file any new litigation. *See* RJN, Ex. 9 at 14. On February 19, 2021, Plaintiff field an appeal of the vexatious litigant order in the California Court of Appeal. RJN, Ex. 10. On September 28, 2021, the appeal was dismissed. RJN, Ex. 11.

**C. California's Vexatious Litigant Statute**

The vexatious litigant statute is found in California Code of Civil Procedure sections 391 to 391.8. The statute was enacted "to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues." *Bravo v. Ismaji*, 99 Cal. App. 4th 211, 220–21 (2002). "The Legislature first enacted sections 391.1 through 391.6 in 1963, as a means of moderating a vexatious litigant's tendency to engage in meritless litigation." *Id.* at 221. In 1990, the Legislature enacted section 391.7 "to provide the courts with an additional means to counter

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS
4

1  misuse of the system by vexatious litigants." *Id.* And in 2011, the Code was amended to include
2  section 391.8.

3      The statutes define who may be deemed a "vexatious litigant" under state law, the process
4  for declaring an individual a vexatious litigant, the consequences of such a designation, and the
5  means to seek relief from the vexatious-litigant designation. Cal. Code Civ. Proc. §§ 391–391.2,
6  391.8. Under Section 391.7, a court can issue a pre-filing order against litigants deemed
7  vexatious, precluding them from filing new litigation unless they first obtain permission from the
8  presiding judge of the court where the litigation is proposed to be filed. The presiding judge "shall
9  permit the filing of that litigation only if it appears that the litigation has merit and has not been
10 filed for the purposes of harassment or delay." *Id.* § 391.7(b). Vexatious litigants are placed on a
11 statewide "Vexatious Litigant List" maintained by the California Judicial Council and
12 disseminated to court clerks around the state. *Id.* § 391.7(f). Under Section 391.8, individuals
13 deemed vexatious litigants and subject to a pre-filing order can seek to vacate the pre-filing order
14 and remove their name from the Judicial Council's list of vexatious litigants.

15     The California Supreme Court summarized the effect of these laws as follows: "In pending
16 litigation, a defendant may have the plaintiff declared a vexatious litigant and, if the plaintiff has
17 no reasonable probability of prevailing, ordered to furnish security." *Shalant v. Girardi*, 51 Cal.
18 4th 1164, 1171 (2011). Further, "a potential defendant may prevent the vexatious litigant plaintiff
19 from filing any new litigation in propria persona by obtaining a pre-filing order and, if any new
20 litigation is inadvertently permitted to be filed in propria persona without the presiding judge's
21 permission, may then obtain its dismissal." *Id.*

22 **II.   LEGAL STANDARD**
23     **A.  Rule 12(b)(1)**
24     A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal
25 subject-matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2
26 (9th Cir. 2003). A motion to dismiss for lack of subject-matter jurisdiction will be granted if the
27 complaint on its face fails to allege facts sufficient to establish subject-matter jurisdiction. *Id.*

28 Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS
5

1   When considering a Rule 12(b)(1) motion, the Court is "not restricted to the face of the pleadings,

2   but may review any evidence, such as affidavits and testimony, to resolve factual disputes

3   concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

4   1988).

5         Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule

6   12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See*

7   *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). If the plaintiff

8   lacks standing under Article III of the U.S. Constitution, then the court lacks subject-matter

9   jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S.

10  83, 101–02 (1998).

### B. Rule 12(b)(6)

12        A defendant may move to dismiss an action for failure to allege "enough facts to state a

13  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

14  This "facial plausibility" standard requires a plaintiff to allege facts that add up to "more than a

15  sheer possibility that a defendant has acted unlawfully." *Turner v. City & Cnty. of S.F.*, 788 F.3d

16  1206, 1210 (9th Cir. 2015). Thus, a Rule 12(b)(6) motion is proper where there is a lack of

17  cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.

18  *Balistreri v. Pac. Police Dept.*, 901 F.2d 969, 699 (9th Cir. 1990).

19        In considering a Rule 12(b)(6) motion, the court need not accept as true allegations

20  contradicted by judicially noticeable facts. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir.

21  2000). The "court may look beyond the plaintiff's complaint to matters of public record." *Shaw*

22  *v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). The court is not required to assume the truth of

23  legal conclusions merely because they are cast in the form of factual allegations. *Foyer v.*

24  *Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Mere "conclusory allegations of law and

25  unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355

26  F.3d 1179, 1183 (9th Cir. 2004). While detailed factual allegations are not needed, "a plaintiff's

27  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

6

1  conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

2  550 U.S. at 555 (internal citations and alterations omitted). Furthermore, "a plaintiff may plead

3  [him]self out of court" if he "plead[s] facts which establish that he cannot prevail" on his claim.

4  *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

### III. DISCUSSION

#### A. California's Vexatious Litigant Statutes

Plaintiff brings vagueness and overbreadth due process challenges to California's vexatious litigant statutes. These challenges have been considered and rejected in several Ninth Circuit decisions.

#### 1. The Vexatious Litigant Statute

Plaintiff first argues that the statutes are void-for-vagueness under either a facial or as-applied challenge because they do not give adequate notice to litigants that continuous frivolous or harassing litigation may result in certain pre-filing restrictions. *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007) forecloses this argument.

In *Wolfe*, the plaintiff, Burton Wolfe, brought a Section 1983 case in federal court, challenging the constitutionality of California's vexatious litigant statute. Wolfe filed numerous *pro se* complaints regarding San Francisco taxicab companies. *Wolfe*, 486 F.3d at 1123. As a result, the San Francisco Superior Court deemed him a vexatious litigant and imposed a pre-filing order on him. *Id.* Seven years later, the vexatious litigant order was rescinded and, in less than a year, Wolfe filed another six lawsuits in state court. *Id.* Eventually, like Plaintiff in this case, Wolfe filed suit in federal court, arguing that California's vexatious litigant procedure violated his rights on due process, overbreadth, vagueness, and 42 U.S.C. § 1983 grounds. *Id.* at 1124. The district court dismissed Wolfe's claims and granted judgment for defendants on the pleadings. *Id.*

In affirming the district court's dismissal, the Ninth Circuit noted that "[a] long line of California decisions upholds [the vexatious litigant procedure] against constitutional challenges." *Id.* at 1125. Addressing the vagueness and overbreadth arguments, the Ninth Circuit held:

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

Case 5:20-cv-07555-EJD   Document 39   Filed 04/06/22   Page 8 of 10

> The California vexatious litigant statute is not unconstitutionally vague, because it "give[s] 'fair notice to those who might violate the statute.'" It is not overbroad because there is no constitutional right to file frivolous litigation. "Just as false statements are not immunized by the First Amendment right to freedom of speech, . . . baseless litigation is not immunized by the First Amendment right to petition." Under the California statute, a vexatious litigant may file potentially meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him.

*Id.* (citations omitted); *see also Sargent v. Cantil-Sakauye*, 812 F. App'x 682 (9th Cir. 2020) (rejecting overbreadth challenge to the vexatious litigant statute).

Further, the Ninth Circuit concluded that the vexatious litigant statute should be reviewed under rational basis and determined that the statute is "rationally related to a legitimate purpose." *Wolfe*, 486 F.3d at 1126 (quotation marks and citation omitted). In support of this reasoning, the panel noted that "vexatious litigants tie up a great deal of a court's time, denying that time to litigants with substantial cases" and "the state has an interest in protecting defendants from harassment by frivolous litigation." *Id.*; *see also Pierce v. Cantil-Sakauye*, 628 F. App'x 548 (9th Cir. 2016).

Under *Wolfe*, the vexatious litigant statute does not violate the Due Process clause. Thus, Plaintiff's third cause of action fails. Because Plaintiff's sixth cause of action depends on a viable claim under the third cause of action, the Court **GRANTS** the State Defendant's motion to dismiss Plaintiff's third and sixth causes of action.

### B. Remaining Claims

Plaintiff's second cause of action asserts a Section 1983 claim against the Individual Defendants for abuse of process. Section 1983 provides that any person or persons who, under color of law, deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. 42 U.S.C. § 1983. It thus creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). The terms of section 1983 require that two elements exist for recovery. "First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws'

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

8

1  of the United States. Second, the plaintiff must show that the defendant deprived him of this
2  constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any
3  State or Territory.' This second element requires that the plaintiff show that the defendant acted
4  'under color of law.'" *Adickes v. Kress & Co.*, 398 U.S. 144, 150 (1970) (citations omitted).

Plaintiff has not shown that the Individual Defendants "acted under color of state law." First, Plaintiff asserts that Defendant Wallace acted "under color of state law" because he was "clothed with the authority of the probate court (state) and . . . act[ed] thereunder." Compl. ¶ 27. However, Wallace cannot be deemed a state actor merely by reason of his appointment as a conservator of the court. Conservators who are appointed by the court and are performing their statutory duties are acting in a quasi-judicial capacity and are thus immune from liability under section 1983. *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978) ("[The conservator] was acting pursuant to his court appointed authority in the performance of his statutory duties. He was acting in a quasi-judicial capacity and was immune from suit.").

Second, Plaintiff asserts that the other Individual Defendants acted under color of state law. Compl. ¶ 10. However, these "attorney" defendants are private parties for section 1983 purposes. *See Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) ("[A]n attorney, whether retained or appointed, does not act 'under color of' state law."); *Sinclair v. Spatocco*, 452 F.2d 1213, 1213 (9th Cir. 1971) ("Services performed by an attorney in connection with a lawsuit do not constitute action under color of state law."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 & n.7 (1981) ("But the Court of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Because Plaintiff has not met the state action requirement, the Court **DISMISSES** Plaintiff's second cause of action.

Plaintiff's bases for original jurisdiction are his second and third causes of action, which assert violations of federal law. He relies on supplemental jurisdiction for his remaining state-law claims. Supplemental jurisdiction is mandatory unless prohibited by 28 U.S.C. § 1367(b), or unless one of the exceptions in § 1367(c) applies. Under § 1367(c), a district court may decline

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS

9

supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are compelling reasons for declining jurisdiction.

"A district court can decline jurisdiction under any one of [the statute's] four provisions." *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998). When a district court declines supplemental jurisdiction over a state law claim for reasons one through three, the court need not state its reasons for dismissal. *Id.* Because the Court has dismissed the claims over which it has original jurisdiction, the Court **DISMISSES** Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to dismiss. When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court finds that amendment would be futile. *Wolfe* forecloses Plaintiff's due process argument, and the Court cannot conceive of a way that Plaintiff could demonstrate that the Individual Defendants acted as "state actors" for section 1983 purposes. Therefore, the Court will issue a judgment as to Plaintiff's second, third, and sixth causes of action and instructs the clerk to close the file.

**IT IS SO ORDERED.**

Dated: April 6, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-07555-EJD
ORDER RE MOTIONS TO DISMISS
10